UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVEN KEEL, individually, and JANICE KEEL, individually, | )<br>)<br>) |
| Plaintiffs, | ) 2:08-CV-00642-LRH-PAL<br>) |
| v. | ) ORDER<br>) |
| GREYSTONE NEVADA, LLC, a Delaware limited liability company; LENNAR, a corporation; DOE INDIVIDUALS 1-100; ROE CORPORATIONS 1-100; and GOVERNMENTAL ENTITIES 1-100, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |
| GREYSTONE NEVADA, LLC, a Delaware limited liability company, | )<br>) |
| Third Party Plaintiff, | ) |
| v. | ) |
| CHAMPION DRYWALL INC. OF NEVADA; RISING SUN PLUMBING, LLC; WESTCOR CONSTRUCTION; and ROES 101-500, inclusive, | )<br>)<br>) |
| Third Party Defendants. | ) |

Presently before the court is Third Party Defendant Westcor Construction's ("Westcor")

Motion for Summary Judgment (#31[1]). Third Party Plaintiff Greystone Nevada, LLC ("Greystone") has filed a response (#33) to which Westcor replied (#35). Westcor has also filed a "Supplement to Motion for Summary Judgment" (#48).[2] Greystone has filed a response (#50) to which Westcor replied (#51).[3]

I.   **Facts and Procedural History**

This a diversity action arising out of the construction of a home owned by Plaintiffs Steven and Janice Keel in Las Vegas, Nevada.[4] On April 12, 2006, Plaintiffs purchased their home from Defendants Greystone and Lennar. On or about November 15, 2006, Mr. Keel noticed a stain on the dining room ceiling of the home. According to the complaint, this stain was caused by "improper placement of wax gaskets on the toilets in the master bathroom and upstairs hall bathroom. The improper placement allowed raw sewage to flow freely throughout the floors and ceiling for seven months before discovery." (Compl. (#1-2) ¶ 9.)

In the complaint, Plaintiffs allege Greystone and Lennar "failed to properly and adequately investigate, design, inspect, plan, engineer, supervise, construct, produce, manufacture, develop, prepare, market, distribute, supply and/or sell" the home Plaintiffs purchased. (*Id.* at ¶ 17.) As a

---

[1] Refers to the court's docket entry number.

[2] The local rules only contemplate the filing of a motion, a response, and a reply. *See* LR 7-2. However because Westcor filed the motion for summary judgment well before the discover cut-off date and because the information contained in the supplemental filings are helpful to the court, the court will consider the supplemental motion, response, and reply.

[3] Pursuant to Local Rule 78-2, the court may decide any motion "with or without a hearing." However, generally, notwithstanding local rules, a district court may not deny a request for oral argument filed by a party opposing summary judgment unless the motion is denied. *Dredge Corp. v. Penny*, 338 F.2d 456, 461-62 (9th Cir. 1964). Here, while Westcor has requested oral argument, Greystone, the party opposing summary judgment, has not. Thus, the general rule is not implicated. Moreover, as the issues involved in the motion before it are straightforward, the court finds oral argument is not necessary.

[4] Plaintiffs are citizens of Nevada. Both Defendants Greystone and Lennar are incorporated in Delaware and have their principle places of business in Florida.

2

result of Greystone and Lennar's failures, Plaintiffs allege their home suffers from numerous defects, including structural and plumbing defects and an infestation of mold.  Based on this conduct, Plaintiffs allege the following claims for relief against Greystone and Lennar: (1) negligence and negligence per se; (2) breach of implied warranties of workmanlike quality and habitability; (3) fraud and misrepresentation; (4) nuisance; (5) breach of contract; (6) negligent misrepresentation; (7) breach of express warranties; (8) intentional misrepresentation/concealment; (9) breach of fiduciary duty; and (10) rescission.

On May 19, 2008, Greystone removed the action from the District Court of Clark County, Nevada, to this court.  On June 10, 2008, Greystone filed a third party complaint alleging claims for indemnity, comparative equitable indemnity, contribution, declaratory relief, express contractual indemnity, and breach of contract against Third Party Defendants Champion Drywall Inc. of Nevada, Rising Sun Plumbing, LLC, and Westcor.

On September 3, 2008, Westcor, the company responsible for the framing of Plaintiffs' home, filed the motion for summary judgment now before the court.  On December 10 and 11, 2008, after the motion for summary judgment was fully briefed, Westcor took the depositions of Plaintiffs Steven and Janis Keel.  In their depositions, Plaintiffs stated they were unaware of any prior or current problems with the framing in their home, and that they did not believe the home was built with any framing defects.  Based on this information, Westcor filed its "Supplement to Motion for Summary Judgment" (#48).[5]

## II. Standard of Review

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

---

[5] After the depositions, attorneys for Greystone and Westcor apparently discussed the possibility of Greystone voluntarily dismissing its claims against Westcor. However, the attorneys were unable to agree to a dismissal that was satisfactory to all parties.

1  law." Fed. R. Civ. P. 56(c).  In assessing a motion for summary judgment, the evidence, together
2  with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable
3  to the party opposing the motion.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,
4  587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

5        The moving party bears the burden of informing the court of the basis for its motion, along
6  with evidence showing the absence of any genuine issue of material fact.  *Celotex Corp. v. Catrett*,
7  477 U.S. 317, 323 (1986).  On those issues for which it bears the burden of proof, the moving party
8  must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could
9  find other than for the moving party."  *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir.
10 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

11       To successfully rebut a motion for summary judgment, the non-moving party must point to
12 facts supported by the record that demonstrate a genuine issue of material fact.  *Reese v. Jefferson*
13 *Sch. Dist. No. 14J*, 208 F.3d 736, 738 (9th Cir. 2000).  A "material fact" is a fact "that might affect
14 the outcome of the suit under the governing law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,
15 248 (1986).  Where reasonable minds could differ on the material facts at issue, summary judgment
16 is not appropriate.  *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983).  A dispute regarding a
17 material fact is considered genuine "if the evidence is such that a reasonable jury could return a
18 verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248.  The mere existence of a
19 scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine
20 dispute; there must be evidence on which the jury could reasonably find for the plaintiff.  *See id.* at
21 252.

22 **III.     Discussion**

23       The arguments of the parties with regard to the motion for summary judgment are
24 straightforward.  Westcor argues the court should dismiss Greystone's claims against it because, as
25 the supplier of framing materials and the framer of Plaintiff's house, its work was entirely unrelated
26

1  to the defects and conduct causing Plaintiffs' harm.  Westcor states, "Westcor cannot be held liable
2  to indemnify Greystone when [Plaintiff's claims against Greystone] arose out of improper
3  placement of wax gaskets on the toilets."  (Westcor's Mot. Summ. J. (#31) at 7.)  Greystone
4  counters that the court should deny the motion for summary judgment because "Westcor
5  acknowledges performing the framing, and the framing is at issue in the [underlying] complaint."
6  (Greystone's Opp. (#33) at 2.)

7        Greystone concedes, based on their deposition testimony, that Plaintiffs are unaware of any
8  defects in the framing of their home.  However, Greystone argues that because Plaintiffs are not
9  experts, their views on the existence of any defects in their home's framing are not controlling.
10 While the court agrees with Greystone's general proposition, Greystone has failed to present any
11 evidence, including expert testimony or reports, contradicting the statements made by Plaintiffs or
12 otherwise indicating Westcor's framing was in any way related to the damage to Plaintiff's home.[6]

13       A party cannot successfully oppose summary judgment merely by alleging the possible
14 existence of evidence supporting their position.  Instead, to successfully rebut a motion for
15 summary judgment, the non-moving party must point to facts supported by the record that
16 demonstrate a genuine issue of material fact.  *Reese*, 208 F.3d 736, 738 (9th Cir. 2000).  Greystone
17 has failed to meet this burden here.  Based on the evidence before the court, no reasonable jury
18 could find that Westcor caused, in whole or part, the damage to Plaintiffs' home.  As each of
19 Greystone's claims against Westcor is premised on the allegation that Westcor contributed to

20
21
22

---

23     [6] In its original opposition to the motion for summary judgment (#33), pursuant to Federal Rule of Civil
24 Procedure 56(f), Greystone requests a continuance to enable it to obtain evidence to support its position.
   However, Greystone filed its opposition on September 22, 2008, and has since had the opportunity to conduct
25 discovery.  In response to Westcor's "supplement" to the motion for summary judgment, Greystone was free
   to submit evidence in support of its allegations against Westcor or request additional time to obtain such
26 evidence.  Greystone failed to do so.

Plaintiffs' harm, the court will grant the motion for summary judgment.[7]

IT IS THEREFORE ORDERED that Westcor's Third Party Motion for Summary Judgment (#31) is GRANTED.

IT IS SO ORDERED.

DATED this 17th day of June, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[7] In its supplemental reply (#51), Westcor indicates it seeks attorney's fees from Greystone. If Westcor continues to seek such fees, pursuant to Federal Rule of Civil Procedure 54(d), it must file a motion for attorney's fees. *See* Fed. R. Civ. p. 54(d)(1) ("A claim for attorney's fees . . . must be made by motion . . . .")

6