# UNITED STATES DISTRICT COURT

| | |
|---|---|
| STEVEN KEEL, individually, and JANICE KEEL, individually, | Case No. 2:08-CV-00642-LRH-PAL |
| Plaintiffs, | **THIRD-PARTY DEFENDANT, RISING SUN PLUMBING, LLC'S MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT AND ORDER** |
| vs. | |
| GREYSTONE NEVADA LLC, a Delaware limited-liability company, LENNAR, a corporation, DOE INDIVIDUALS 1-100, ROE CORPORATIONS 1-100, and GOVERNMENTAL ENTITIES 1-100, | Hearing Date: N/A<br>Hearing Time: N/A |
| Defendants. | |
| GREYSTONE NEVADA, LLC, a Delaware limited-liability company, | |
| Third-Party Plaintiff, | |
| vs. | |
| CHAMPION DRYWALL INC. OF NEVADA; RISING SUN PLUMBING, LLC; WESTCOR CONSTRUCTION; and ROES 101-500, inclusive, | |
| Third-Party Defendants. | |

## THIRD-PARTY DEFENDANT RISING SUN PLUMBING, LLC'S MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT AND ORDER

COMES NOW, Third-Party Defendant, RISING PLUMBING, LLC, for itself alone, and for no others, by and through its attorneys of record, Peter C. Brown, Esq. and Haneefah S. Morehead, Esq. of the law firm of Bremer Whyte Brown & O'Meara LLP, and Charlie H. Luh,

BREMER WHYTE BROWN & O'MEARA LLP
7670 West Lake Mead Blvd
Suite 225
Las Vegas, NV 89128
(702) 258-6588

H 1268 509 CF Motion for Good Faith.doc

Esq. and Diane Lee of the law firm Luh & Associates, formally moves this Court for approval of its good faith settlement pursuant to NRS 17.245.

This Motion is made and based upon the attached Memorandum of Points and Authorities, the pleadings and papers on file herein and the arguments of counsel at the hearing of this Motion.

Dated: January 25, 2010                     BREMER WHYTE BROWN & O'MEARA LLP

By: /s/ *Peter C. Brown, Esq.*
PETER C. BROWN, ESQ.
Nevada State Bar No. 5887
HANEEFAH S. MOREHEAD, ESQ.
Nevada Bar No. 9871
Attorneys for Third-Party Defendant
RISING PLUMBING, LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. DISCUSSION

This litigation involves alleged construction deficiencies at a single family residence located at 9517 Quitman Ave in Las Vegas Nevada. RISING PLUMBING, LLC (hereinafter referred to as "RISING PLUMBING, LLC") installed plumbing systems for the residence. By way of the settlement, RISING PLUMBING, LLC has settled this matter with both Plaintiffs and Defendant/Third-Party Plaintiff, GREYSTONE NEVADA, LLC (hereinafter referred to as "GREYSTONE"), for Fifteen Thousand Dollars ($15,000.00) after extensive negotiations. By way of the settlement, RISING PLUMBING, LLC does not admit any liability in regard to the claims of either PLAINTIFF or GREYSTONE.

The settlement was expressly made contingent on the approval of the settlement being deemed in good faith pursuant to NRS 17.245, the payment of the full settlement amount, and the execution of an approved settlement agreement.

### II. LEGAL ARGUMENT IN SUPPORT OF DETERMINATION OF GOOD FAITH SETTLEMENT

NRS 17.245 provides:

BREMER WHYTE BROWN &
O'MEARA LLP
7670 West Lake Mead Blvd
Suite 225
Las Vegas, NV 89128
(702) 258 6665

2

H:\1268\509\CF\Motion for Good Faith.doc

(1) When a Release or a Covenant not to sue or not to enforce judgment is given in good faith to one or two or more persons liable in tort for the same injury or the same wrong or the same wrongful death:

    (b) It discharges the tortfeasor to whom it is given from all liability for contribution and for equitable indemnity to any other tortfeasor.

Although the term "good faith" is not defined in this section, the Supreme Court of Nevada has held that "the determination of good faith should be left to the discretion of a trial court based upon all relevant facts available." *Veliscol Chemical Corp. v. Davidson*, 107 Nev. 356, 360, 811, P.2d 561 (1991).

As the moving party, RISING PLUMBING, LLC, relative to the settlement at issue with GREYSTONE, has the burden of proving that the settlement was in fact reached in good faith. "A settling defendant seeking protection from contribution and implied indemnity claims has the burden of proving that the settlement was in good faith." *The Doctors Company at 690*. As such, RISING PLUMBING, LLC will address the five factors outlined for consideration by the Court as identified in *In re MGM Grand Hotel Fire Litigation, supra*, as well as in *Veliscol Chemical Corp. v. Davidson, supra*.

The factors to consider are:

1. The amount paid in settlement;
2. The allocation of the settlement proceeds among the Plaintiffs;
3. The insurance policy limits of settling defendants;
4. The financial condition of settling defendants; and
5. The existence of collusion, fraud or tortuous conduct aimed to injure the interests of non-settling defendants.

Examination of the proposed settlement, subject to these five factors, leads to the conclusion that the settlement at issue, between the parties, was, in fact, reached in good faith.

///

///

///

BREMER WHYTE BROWN &
O'MEARA LLP
7670 West Lake Mead Blvd
Suite 225
Las Vegas, NV 89128
(702) 258-6665

3

H:\1268\509\CF\Motion for Good Faith.doc

### 1. The Amount Paid In Settlement;

As stated supra, RISING PLUMBING, LLC has agreed to pay the total sum of Fifteen Thousand Dollars ($15,000.00). This amount was reached after negotiations and the consideration of the totality of the circumstances, as will be discussed under Factor Number Three.

### 2. The Allocation of the Settlement Proceeds

RISING PLUMBING, LLC is committed to clearly pay its proportionate share of the overall value of this case, given the allegations, which were allocated to RISING PLUMBING, LLC and the totality of the circumstances. RISING PLUMBING, LLC settled directly with GREYSTONE, with PLAINTIFFS' approval; consequently, RISING PLUMBING, LLC was not involved in or asked to address the allocation of the settlement funds between GREYSTONE and PLAINTIFF. This issue was not material to the settlement discussions between RISING PLUMBING, LLC, GREYSTONE, and PLAINTIFF.

### 3. The Insurance Policy Limits of Settling Defendants

There are two insurance companies involved in this matter on behalf of RISING PLUMBING, LLC. These insurance companies have paid their proportionate share of the Fifteen Thousand Dollar ($15,000.00) settlement, which will settle the indemnity portion of the settlement. The insurance policy limits of the insurance carriers were not a consideration.

### 4. The Financial Condition of the Settling Defendants

RISING PLUMBING, LLC is a viable corporation. Its financial condition was not an issue during negotiations.

### 5. The Existence of Collusion, Fraud, or Tortious Conduct Aimed to Injure the Interests of the Non-Settling Defendants

The settlement amount of Fifteen Thousand Dollars ($15,000.00) between GREYSTONE and RISING PLUMBING, LLC, was agreed to in good faith at a mandatory settlement conference with U.S. Magistrate Judge Peggy A. Leen. All parties had the opportunity to negotiate in good faith and review and evaluate the nature of the allegations being raised against RISING PLUMBING, LLC. GREYSTONE and RISING PLUMBING, LLC then reached a mutual

BREMER WHYTE BROWN &
O'MEARA LLP
7670 West Lake Mead Blvd
Suite 225
Las Vegas, NV 89128
(702) 258-6665

4

H:\1268\509\CF\Motion for Good Faith.doc

settlement of Fifteen Thousand Dollars ($15,000.00) to settle this claim. There was no intent on the part of any settling party to engage in collusion, fraud or tortious conduct.

### III

### CONCLUSION

The settlement reached between the parties is reasonable in light of the dispute that exists with regard to the claims against RISING PLUMBING, LLC  Accordingly, the settlement should be approved by the Court as being in good faith for purposes of NRS 17.245

Dated: January 22, 2010.   BREMER, WHYTE, BROWN & O'MEARA, LLP

/s/ Peter C. Brown, Esq.

PETER C. BROWN, ESQ.
Nevada Bar No. 5887
HANEEFAH S. MOREHEAD, ESQ.
Nevada Bar No. 9871
7670 West Lake Mead Boulevard, Ste. 225
Las Vegas, Nevada 89128
Attorneys for Third-Party Defendant,
RISING SUN PLUMBING, LLC

BREMER WHYTE BROWN &
O'MEARA LLP
7670 West Lake Mead Blvd.
Suite 225
Las Vegas, NV 89128
(702) 258 6665

5

H:\1268\509\CF\Motion for Good Faith.doc

**UNITED STATES DISTRICT COURT**

| | |
|---|---|
| STEVEN KEEL, individually, and JANICE KEEL, individually,<br><br>      Plaintiffs,<br><br>vs.<br><br>GREYSTONE NEVADA LLC, a Delaware limited-liability company, LENNAR, a corporation, DOE INDIVIDUALS 1-100, ROE CORPORATIONS 1-100, and GOVERNMENTAL ENTITIES 1-100,<br><br>      Defendants. | Case No. 2:08-CV-00642-LRH-PAL<br><br>**ORDER GRANTING THIRD-PARTY DEFENDANT, RISING SUN PLUMBING, LLC'S MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT** |
| GREYSTONE NEVADA, LLC, a Delaware limited-liability company,<br><br>      Third-Party Plaintiff,<br><br>vs.<br><br>CHAMPION DRYWALL INC. OF NEVADA; RISING SUN PLUMBING, LLC; WESTCOR CONSTRUCTION; and ROES 101-500, inclusive,<br><br>      Third-Party Defendants. | |

**ORDER**

PURSUANT TO the foregoing and good cause appearing therefore,

///

///

///

BREMER WHYTE BROWN & O'MEARA LLP
7670 West Lake Mead Blvd
Suite 225
Las Vegas, NV 89128
(702) 258 6665

H:\1268\509\CF\Motion for Good Faith Proposed Order.doc

1 | THIRD-PARTY DEFENDANT RISING SUN PLUMBING, LLC'S MOTION FOR
2 | DETERMINATION OF GOOD FAITH SETTLEMENT IS HEREBY GRANTED.

DATED this 28th day of January, 2010.

*/s/ Larry R. Hicks*

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

BREMER WHYTE BROWN &
O'MEARA LLP
7670 West Lake Mead Blvd
Suite 225
Las Vegas, NV 89128
(702) 258 6665

2

H:\1268\509 CF Motion for Good Faith Proposed Order.doc